**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MACK D. COOK and SYLVIA COOK,

Plaintiffs, 5:26-cv-01342 (BKS/MJK)

v.

CITY OF CORTLAND, NY (a municipal corporation),

Defendant.

---

**Appearances:**

*For Plaintiffs:*
J. Justin Woods
The Law Offices of J. Justin Woods PLLC
2 South Street
Auburn, NY 13021

*For Defendant:*
Phillips Lytle LLP
Craig R. Bucki
James R. O'Connor
Emma P. Murphy
One Canalside
125 Main Street
Buffalo, NY 14203

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**ORDER**

On December 22, 2025, Plaintiffs Mack D. Cook and Sylvia Cook filed a Verified Petition in New York Supreme Court, Cortland County, challenging the Defendant City of Cortland's decision to terminate the health insurance benefits they had received since Mack left[1] City employment in 2021. (Dkt. No. 1). On July 7, 2026, the City removed this action on the

---

[1] The nature of Mack's departure from City employment is disputed. Plaintiffs allege that Mack retired, (Dkt. No. 3, ¶ 21; the City asserts Mack was terminated, (Dkt. No. 15, at 11).

basis of federal question jurisdiction, 28 U.S.C. § 1331, asserting that the Verified Amended Petition that Plaintiffs filed on June 8, 2026, raised a federal claim for the first time.[2] (Dkt. Nos. 1, 3).

Following the removal of this action, Plaintiffs filed a motion for a temporary restraining order ("TRO") and preliminary injunction enjoining the termination or lapse of Plaintiffs' existing health-insurance coverage. (Dkt. No. 13). Plaintiffs also filed a motion to remand, arguing the City's removal was untimely. (Dkt. No. 11 (citing 28 U.S.C. § 1447(c)). The motions have been fully briefed. (Dkt. Nos. 15, 16, 17, 18).

The Court granted Plaintiffs' motion for a TRO in an oral ruling on the record during an August 28, 2026 telephone conference after hearing argument from the parties. (*See* Dkt. No. 19). The Court's oral ruling constitutes the Court's findings of fact and conclusions of law, *see* Fed. R. Civ. Proc. 52(a)(2), and no further decision will be issued.

At the telephone conference, the Court also addressed Plaintiffs' motion to remand and after hearing argument from the parties, outlined the reasons it believed remand was warranted, but stated that it would allow Plaintiffs to file their reply before issuing a formal ruling. The Court has carefully considered Plaintiffs' motion, the City's opposition, and Plaintiffs' reply, (Dkt. Nos. 11, 17, 18), as well as the arguments the parties advanced during the telephone conference. For the reasons the Court stated on the record during the telephone conference, which are incorporated herein, the Court finds Defendant's July 7, 2026, Notice of Removal was filed outside the thirty-day period prescribed by 28 U.S.C. § 1446(b). The Court therefore grants

[2] Plaintiffs bring their claims pursuant to Article 78 of the New York Civil Practice Law and Rules, and seek permanent injunctive relief prohibiting the City from terminating Plaintiffs' health insurance coverage, (*see* Dkt. No. 3, at 12–13 (first, second, and third causes of action alleging likelihood of success, irreparable harm, balance of equities), allege that the City failed to comply with the notification requirements of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 42 U.S.C. §§ 300bb(1)–300bb(8), (*id.* at 13–14 (fourth cause of action), and assert promissory estoppel, equitable estoppel, course of conduct claims, (*id.* at 13–17 (fifth, sixth, and seventh causes of action)).

Plaintiffs' motion pursuant to 28 U.S.C. § 1447(c) and remands this action to the Supreme Court of the State of New York, Cortland County.

Accordingly, it is

**ORDERED** that Plaintiffs' motion to remand (Dkt. No. 11) is **GRANTED;** and it is further

**ORDERED** that this action is **REMANDED** to the Supreme Court of the State of New York, Cortland County under Index No. 25-816; and it is further

**ORDERED** that the Clerk of Court shall mail a certified copy of this Order to the clerk of the Supreme Court of the State of New York, Cortland County; and it is further

**ORDERED** that Plaintiffs are directed to provide the state court with a copy of the transcript of the August 28, 2026 telephone conference once it is filed.

**IT IS SO ORDERED.**

Dated: September 10, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge